**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN WALKER,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | **13-cv-668 GSA**<br><br>**SECOND ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO SERVE HIS CONFIDENTIAL LETTER BRIEF ON DEFENDANT** |

On May 8, 2013, Plaintiff filed a complaint requesting review of the Commissioner's denial of disability benefits. (Doc. 1). On June 4, 2013, the Court issued an Informational Order setting forth the scheduling deadlines in this case. (Doc. 8). The Informational Order provides that within 120 days after service of Plaintiff's complaint, the Defendant shall file and serve a copy of the administrative record in this matter, which shall be deemed the answer to the complaint. The Informational Order further provides that within 30 days after service of the administrative record, Plaintiff shall serve a confidential letter brief on Defendant outlining why remand is warranted; the letter brief is not to be filed with the Court. Defendant is required to

1

respond to the letter brief within 35 days.  Thereafter, if Defendant does not stipulate to remand, Plaintiff must file and serve an opening brief within 30 days.  The Court's Scheduling Order sets the same sequence of proceedings and deadlines as laid out in the Informational Order.  (Doc. 6).

Defendant served the administrative record on Plaintiff on January 24, 2014.  (Docs. 14, 17).  Pursuant to the Informational and Scheduling Orders, Plaintiff was required to serve his confidential letter brief 30 days after service of the administrative record.  (Docs. 6, 8).  On February 26, 2014, Defendant filed a notice and declaration of nonreceipt of Plaintiff's letter brief.  (Doc. 17).  The Court thereafter, on March 6, 2014, issued an Order to Show Cause ("OSC") requiring Plaintiff to show cause why he had not timely served his letter brief on the Defendant.  (Doc. 18).  The OSC stated that in lieu of a response, Plaintiff could serve his confidential letter brief on the Defendant and notify the Court no later than March 26, 2014, that he had done so.  On March 24, 2014, Plaintiff filed a notice, indicating, without specifying a date, that he had served his confidential letter brief on the Defendant.  (Doc. 20).  On the same date, Defendant's counsel, Timothy R. Bolin, filed a notice and declaration of nonreceipt of Plaintiff's confidential letter brief, stating as follows:

> On March 10, 2014, the Office of the General Counsel [of the Social Security Administration] in San Francisco, CA, received a certificate of service, executed on February 28, 2014, by one Nicholas Palacio, who stated that, on March 2, 2014, he served a document described as "PLAINTIFF JULIAN WALKER CONFIDENTIAL LETTER BRIEF" on all interested parties in this action by placing true copies in sealed envelopes addressed and mailed to, among others, "[TIMOT]HY R BOLIN," [Defendant's counsel].

(Doc. 19).  Defendant's notice further stated that nonetheless Defendant "has *not* received any confidential letter brief from Plaintiff."  (Doc. 19) (Emphasis in original).

In light of Defendant's second notice of nonreceipt, on March 26, 2014, the Court issued an order advising Plaintiff that Defendant was still not in receipt of his letter brief (possibly on account of an inadvertent mistake), and directing Plaintiff to serve a copy of his confidential letter

brief on Defendant no later than Friday, April 4, 2014.  (Doc. 21).  The Court further directed Plaintiff to file with the Court, no later than April 9, 2014, a proof of service confirming service of the letter brief on Defendant.  (Doc. 21).

Since the issuance of that order, the Court has not received the requisite proof of service or any other communication from the Plaintiff.  On April 22, 2014, the Defendant confirmed that despite the Court's order directing Plaintiff to serve his letter brief no later than April 4, 2014, Defendant was still not in receipt of Plaintiff's letter brief.  (Doc. 23).

Accordingly, Plaintiff is ordered to show cause, for the second time, why this action should not be dismissed for failure to comply with the Court's orders and for failure to prosecute. Plaintiff is ORDERED to file a written response to this Order to Show Cause WITHIN twenty (20) days of the date of this Order explaining why he has failed to serve the letter brief as ordered. *See* Doc. 21.  If Plaintiff desires more time to serve his confidential letter brief on the Defendant, Plaintiff should so state in his response to this Order to Show Cause.

Failure to respond to this Order to Show Cause within the time specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **May 8, 2014**                          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

3