1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                               EASTERN DISTRICT OF CALIFORNIA
10

11   JULIAN NOEL WALKER,                    1:13-cv-668 GSA
12                    Plaintiff,
13        v.
14   CAROLYN W. COLVIN, Acting              **ORDER REGARDING PLAINTIFF'S**
     Commissioner of Social Security        **SOCIAL SECURITY COMPLAINT**
15
                     Defendant.
16
17
18
19
                                      **INTRODUCTION**
20
        Plaintiff Julian Noel Walker ("Plaintiff") seeks judicial review of a final decision of the
21
22   Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for

23   Supplemental Security Income benefits under the Social Security Act.  The matter is pending

24   before the Court on the parties' briefs, which were submitted, without oral argument, to the

25   Honorable Gary S. Austin, United States Magistrate Judge.[1]

26   ///
27   ─────────────────────
28   [1] The parties consented to the jurisdiction of a United States Magistrate Judge.  *See* Docs. 9 & 12.

## SUMMARY OF THE ADMINISTRATIVE PROCEEDINGS

On March 31, 2010, an application for Supplemental Security Income benefits was filed on behalf of Plaintiff, who was then a child under the age of 18. AR 19. The claim was denied initially on July 9, 2010, and upon reconsideration on October 5, 2010. AR 19. Plaintiff attained the age of 18 on July 21, 2011. AR 33; 35. Subsequently, on November 4, 2011, an administrative law judge ("ALJ") conducted a hearing on Plaintiff's claim. AR 40-58. Plaintiff was represented by an attorney and testified at the hearing; a vocational expert also appeared and testified. AR 29-76. In a decision dated December 16, 2011, the ALJ found that Plaintiff "was not disabled as defined in section 1614(a)(3)(C) of the Social Security Act prior to July 20, 2011, the date he attained age 18." AR 35. The ALJ also found that Plaintiff was not "disabled as defined in section 1614(a)(3)(A) of the Social Security Act" after July 20, 2011 through the date of the decision. AR 35. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 10-12. Plaintiff then commenced this action in District Court.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.* The ALJ's findings will be upheld

"if supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## DISCUSSION

Plaintiff asserts the following claims: (1) the ALJ erred in failing to consider whether Plaintiff had engaged in substantial gainful activity ("SGA") as defined in 20 C.F.R. § 416.924(a); (2) the ALJ erred in failing to determine the onset date of Plaintiff's disability pursuant to Social Security Ruling ("SSR") 83-20; (3) the ALJ's RFC determination is not supported by substantial evidence; (4) the ALJ erred under SSR 82-41 in finding that Plaintiff has transferable skills; (5) the ALJ erred in finding that Plaintiff did not have a medically determinable severe impairment; and (6) the ALJ made an erroneous credibility determination. The Commissioner responds that the ALJ's decision is free of legal error and is supported by substantial evidence.

**A. The ALJ Properly Found that Plaintiff had Not Engaged in SGA**

Contrary to Plaintiff's assertion that the ALJ failed to consider whether Plaintiff had engaged in substantial gainful activity, the ALJ properly found that Plaintiff had not engaged in substantial, gainful activity since the date of his application. AR 24. The ALJ made this finding at step one in applying both the childhood and adult standards of disability. Therefore, the Plaintiff prevailed at step one of both applicable disability analyses.

Plaintiff also alleges that the ALJ did not properly consider a prior administrative decision in which an ALJ found that Plaintiff was disabled from "June 1, 2005 to February 5, 2008, but not thereafter." AR 63. However, the ALJ did properly consider the prior administrative decision, dated May 8, 2009 (the merits of that decision are not at issue in this appeal). Specifically, the ALJ acknowledged that "if a prior application denied by an administration law judge contained findings of the claimant's residual functional capacity, education, and work experience, the Social

3

Security Administration may not make different findings in adjudicating the subsequent claim unless there is new and material evidence pertaining to the claimant's residual functional capacity, education, or work experience." AR 20; *see also Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) (a previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge); Acquiescence Ruling 97-4. The ALJ further observed that the presumptive validity of the prior administrative findings was rebutted in this instance because "because new and material evidence has been obtained since the prior Administrative Law Judge decision," i.e., new medical evidence. AR 20; *see Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1172–73 (9th Cir. 2008) (medical evaluations conducted after a prior adjudication constitute new and material evidence); *Trofimuk v. Comm'r of Soc. Sec.*, No. 2:12-cv-2482-KJN, 2014 WL 794343, at *5 (E.D. Cal. Feb. 27, 2014) (where the ALJ relies entirely on medical evaluations conducted after a prior adjudication, the ALJ is not required to give the findings from the prior adjudication preclusive effect). In any event, here Plaintiff does not explain how the ALJ erred in his consideration of the prior decision and, in light of the lack of specificity, the Court finds no error in the ALJ's consideration thereof. *See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (courts need not address arguments that are not briefed with specificity).

**B.  The ALJ did not Err Under SSR 83-20**

Plaintiff next argues that the ALJ should have consulted a medical expert for purposes of determining Plaintiff's disability onset date pursuant to SRR 83-20. The Ninth Circuit has explained that an ALJ need not consult a medical expert to determine a claimant's disability onset date if the ALJ finds that the claimant was not disabled at any time during the relevant time period. *Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008). The *Sam* court stated:

4

> As a general matter, SSR 83–20 sets forth guidelines for determining the onset date of disability. It directs that the judgment regarding the onset date of disability "must have a legitimate medical basis" and that the ALJ "should call on the services of a medical advisor when onset must be inferred." SSR 83–20. We have explained this ruling to mean that "[i]n the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83–20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir.1991).
>
> We reject Sam's contention that SSR 83–20 is applicable to his case. The onset date of disability is defined in the ruling as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83–20. Because the ALJ found that Sam was not disabled "*at any time* through the date of [the] decision" (emphasis added), the question of when he became disabled did not arise and the procedures prescribed in SSR 83–20 did not apply. *See Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir.2004) ("SSR 83–20 addresses the situation in which an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time.").

*Id*. In the instant case, the ALJ determined that claimant was not disabled from the application date through attaining the age of 18, nor since attaining age 18 through the date of the ALJ's decision. AR 20; 32-35. Therefore, the question of a disability onset date did not arise and the ALJ was not required to consult a medical exert to determine a disability onset date in this matter.

### C. The ALJ Properly Determined Plaintiff's Residual Functional Capacity

The ALJ determined that "since attaining age 18, the claimant has had the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. 616.967(a)."[2] AR 32. Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence but he does not adduce any evidence in the record that contradicts the ALJ's RFC determination. Doc. 31 at 7. The ALJ supported his RFC determination with detailed

---

[2] 20 C.F.R. 616.967(a) defines "sedentary work" as follows:
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

references to the medical record. AR 33. Specifically, the ALJ stated as follows:

> The claimant has a history of Crohn's disease flare-up, requiring surgical intervention, after which he was instructed to avoid "rough play," and sports for up to 4 weeks from May 1, 2010 (Exhibits B2F, p. 2, B4F, p. 10) [AR 263, 326]. He was noted to be recovering very well from his flare-up after a three-week hospital stay. By December 7, 2010, his physician noted he had been doing well on medication; all his laboratory results were normal and he has had excellent weight gain (Exhibit B12F, pp. 11, 16-17) [AR 402, 407-408]. In addition, the claimant denied symptoms of abdominal pain, diarrhea, fatigue or blood in the stool (Exhibits B8F, p. 10; B12F, p. 16) [AR 350-407]. The claimant did complain of migraine-type headaches on December 8, 2010 for which his doctor prescribed Imitrex, but the doctor noted the claimant was doing well with regard to his Crohn's disease (Exhibit B12F, p. 13) [AR 404]. By June 7, 2011, his treating physician, Dr. Judy Davis, noted the claimant was "well-appearing, in no acute distress, well-hydrated, interactive and exhibited a normal effect." Upon physical examination, she noted normal extremities, normal spine with normal range of motion, and developmentally normal neurologically (Exhibit B12F, p. 5) [AR 396].
>
> Records from Kaiser Permanente after the claimant turned 18 are almost nonexistent. In fact the only treatment record after July 21, 2011 (the date the claimant attained age 18) reveals he was seen for a nosebleed on September 16, 2011 (Exhibit B12F, p. 4) [AR 395]. Otherwise, the treatment history after July 21, 2011, is not significant. I note that none of his treating or examining physicians have since placed any exertional limitations on him as a result of his impairment. Although he experienced some temporary physical limitations in the past, these have since resolved, and there is no current evidence he has any significant exertional limitations.
>
> At his hearing, the claimant alleged knee problems reduce the time he is able to spend on his feet, standing or walking. He estimated he could stand or walk two to three hours at a time and could sit about six hours out of an eight hour workday with appropriate breaks. The claimant admitted he could lift and or carry 20 pounds occasionally, and I find he is able to lift 20 pounds occasionally and 10 pounds frequently. He has no postural or manipulative limitations that would preclude the full range of sedentary work activity. The vocational expert testified that a hypothetical individual with the aforementioned limitations would be capable of performing the full range of sedentary work activity.

AR 33. The Court finds that the ALJ's RFC determination is supported by substantial evidence.

### D. The ALJ did not Find that Plaintiff had Transferable Skills

Plaintiff contends that the ALJ erroneously assessed transferable skills from past relevant work. Doc. 31 at 7-8. Plaintiff's argument is unavailing because the ALJ specifically determined

that "[t]ransferability of job skills is not an issue because the claimant does not have past relevant work." AR 34 (citing 20 C.F.R. § 416.968).

### E. The ALJ Properly Found Crohn's Disease to be a Severe Impairment

Plaintiff contends that the ALJ did not find a severe impairment. Doc. 31 at 8. Plaintiff's argument is unavailing because the ALJ found at step two of both the child and adult sequential disability analyses that Plaintiff's Crohn's Disease was a severe impairment. AR 24, ¶ 3; AR 32 ¶ 8.

### F. The ALJ Properly Assessed Plaintiff's Credibility

(i) <u>Summary of Plaintiff's Testimony</u>

Plaintiff testified he has a driver's license. AR 44. He was enrolled at Fresno City College, where he was taking twelve credits. AR 45. Plaintiff did not require any kind of special accommodation from the college. AR 45. Plaintiff had never worked. AR 45. Plaintiff testified that he could not focus on anything because of his stomach pains and headaches. AR 46. Plaintiff testified that he had headaches every day, and had to lie down and was unable to do anything. AR 46. Plaintiff sometimes needed to miss classes because of his symptoms. Otherwise, he was in class for 12 hours a week and worked on assignments at home for two hours a day. AR 48-49. Plaintiff testified that he spent a total of 26 hours a week either in class or doing homework. AR 49. Plaintiff did household chores, including taking out the trash, cleaning his room, cleaning the bathroom, cleaning the kitchen, and washing dishes. AR 49. Plaintiff's hobby is to play video games, which he played for about an hour or so every day. AR 49. Plaintiff testified that he could walk for two to three hours at a time, stand for two to three hours at a time, and sit for six out of eight hours with a break every two hours. AR 53-54.

(ii) <u>Applicable Law</u>

In evaluating the credibility of a claimant's testimony regarding subjective complaints of

pain and other symptoms, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id*. The claimant is not required to show that the impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id*. If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of the symptoms if she gives "specific, clear and convincing reasons" for the rejection. *Id*. An ALJ's credibility finding must be properly supported by the record and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)).

### (iii)   Analysis

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms but further determined that Plaintiff's statements about the intensity, persistence, and limiting effects of those symptoms were not credible in part. AR 33. Absent affirmative evidence of malingering, the ALJ was required to provide clear and convincing reasons for discounting parts of Plaintiff's subjective symptom testimony.

Here the ALJ credited Plaintiff's testimony that he would be able to meet the requirements of sedentary work. Specifically the ALJ noted as follows:

> At his hearing, the claimant alleged knee problems reduce the time he is able to spend on his feet, standing or walking. He estimated he could stand or walk two to three hours at a time and could sit about six hours out of an eight hour workday with appropriate breaks. The claimant admitted he could lift and or carry 20 pounds occasionally, and I find he is able to lift 20 pounds occasionally and 10 pounds frequently. He has no postural or manipulative limitations that would

> preclude the full range of sedentary work activity. The vocational expert testified that a hypothetical individual with the aforementioned limitations would be capable of performing the full range of sedentary work activity.

AR 33. However, the ALJ discounted Plaintiff's credibility with regard to his allegations of totally disabling symptoms. The ALJ noted that the "claimant's impairment has resulted in occasional flare-ups requiring surgical intervention and follow up treatment in April and May 2010; however, since that time, the evidence reveals the claimant has been steadily improving, gaining weight and was generally free from pain with medication." AR 32. The ALJ noted that Plaintiff has complained of "migraine-type headaches" to his doctors, who have prescribed medication; but the ALJ found that his doctors have noted that Plaintiff appears well, exhibits a normal affect, and is developmentally normal neurologically. AR 33, 396 (noting no headaches or seizures upon examination), 399 (noting "most likely tension headache"); 404 (assessment of migraine); 407 (noting no headache or seizures upon examination).

The ALJ also relied on inconsistencies between Plaintiff's daily activities and his allegations of totally disabling symptoms. The ALJ noted that the "claimant is able to bathe and dress himself, and tend to his personal hygiene without assistance." AR 31. The ALJ reasoned that the "claimant is able to attend 12 hours of class, and does about 26 hours of schoolwork per week. He is able to perform light household chores and play video games despite his impairment." AR 29. *See, e.g., Orn v. Astrue*, 495 F.3d 625, 639 (2007) (claimant's daily activities that contradict claimant's other testimony undermine claimant's credibility); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("[e]ven where [the daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"). The ALJ observed that Plaintiff testified that he required no special accommodation from the school to attend and participate in class work." AR 30. Finally, the ALJ noted that the "claimant was able to complete high school

and obtain his diploma," go on to enroll in college, and "until recently had no reported problems with his coursework." AR 28; *see Mathews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (the fact that the claimant attended school three days per week supported the ALJ's rejection of disabling pain). In sum, the ALJ cited specific, clear and convincing reasons, based on permissible grounds and supported by the record as a whole, for rejecting Plaintiff's subjective complaints. As such, the ALJ's credibility determination is proper.

## CONCLUSION

The Court finds that the ALJ's decision is free of legal error and is supported by substantial evidence in the record as a whole. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn Colvin, the Acting Commissioner of Social Security, and against Plaintiff JULIAN NOEL WALKER.

IT IS SO ORDERED.

Dated:   **March 31, 2015**              /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE